Mark F. James (5295)
Mitchell A. Stephens (11775)
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: 801.363.6363
Fax: 801.363.6666
Email: mjames@hjdlaw.com
       mstephens@hjdlaw.com

*Counsel for Defendants Lawrence Bank and David Clark*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREG ARNSON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LAWRENCE BANK, *et al.*, <br><br> Defendants. | NOTICE OF REMOVAL <br><br> Civil No. 2:12-cv-00865 <br><br> Judge Dee Benson |

### NOTICE OF REMOVAL BASED ON FEDERAL QUESTION

Defendants Lawrence Bank and David Clark, by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby remove this action to the United States District Court, District of Utah, and in support thereof Lawrence Bank and David Clark state as follows:

### BACKGROUND AND PARTIES

1.  This action was filed on or about July 18, 2012 in the Third Judicial District Court, in and for Salt Lake County, State of Utah, Case Number 120904885, and styled, *Sarah Arnson, et. al. v. d/b/a My Investing Place L.L.C., et. al.*

2. Defendants Lawrence Bank and David Clark are two (2) of thirty-eight (38) named and unnamed Defendants in the Plaintiffs' 138-page Complaint.

3. Defendants Lawrence Bank and David Clark were served with process and a copy of the Plaintiffs' Complaint on August 14, 2012.

4. Upon information and belief, the following Defendants were served with process and copy of the Plaintiffs' Complaint on August 10, 2012:

    a) Great Lakes Title & Escrow Company.

5. Upon information and belief, the following Defendants were served with process and copy of the Plaintiffs' Complaint on August 14, 2012:

    a) Top Flight Lending, and

    b) Brent Clarkson.

6. Upon information and belief, the following Defendants were served with process and copy of the Plaintiffs' Complaint on August 21, 2012:

    a) Erin Jewett,

    b) Tri-Global Development,

    c) Tri-Global Trading Company,

    d) Western Site Services, LLC,

    e) Indian Ridge Realtors Inc.,

    f) Indian Ridge Real Estate Group,

    g) James Shirato,

    h) Indian Ridge Resort Inc.,

    i) Indian Ridge Resort Community,

j)   Indian Ridge Resort II,

k)   Indian Ridge Resort III,

l)   Indian Ridge Resort IV, and

m)   Indian Ridge Resort V.

## CONSENT OF DEFENDANTS SERVED AND NOT IN DEFAULT

7. Defendants Lawrence Bank and David Clark consent to this removal by virtue of filing this Notice of Removal.

8. Defendant Erin Jewett consents to this removal. *See* **Exhibit B**.

9. Defendants Tri-Global Development, Western Site Services, LLC, and Tri-Global Trading Company consent to this removal. *See* **Exhibit C**.

10. Defendants Indian Ridge Realtors Inc., Indian Ridge Real Estate Group, James Shirato, Indian Ridge Resort Inc., Indian Ridge Resort Community, Indian Ridge Resort II, Indian Ridge Resort III, Indian Ridge Resort IV, and Indian Ridge Resort V consent to this removal. *See* **Exhibit D**.

11. Undersigned counsel anticipates having Defendants Top Flight Lending and Brent Clarkson's written consents by September 13, 2012, well within the required 30 days from the time Defendants Lawrence Bank and David Clark were served.[1]

---

[1] *See Jarvis v. FHP of Utah, Inc.,* 874 F. Supp. 1253, 1254 (D. Utah 1995) ("The rule of unanimity, as it is now known, does not require that all of the defendants sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant, within thirty (30) days of receiving the complaint.")

12. Defendant Great Lakes Title's response to the Plaintiffs' Complaint was due August 10, 2012. Defendant Great Lakes Title has not answered or otherwise responded to the Plaintiffs' Complaint.

13. Counsel for Defendants Lawrence Bank and David Clark have made a good-faith effort to obtain the consent of Defendant Great Lakes Title, including contacting Great Lakes' Registered Agent and sending the Registered Agent a letter seeking consent. As of the filing of this Notice of Removal, Defendant Great Lakes has not responded to the inquiry of undersigned counsel.

14. Because Defendant Great Lakes is in default and has decided not to participate in this action, removal is appropriate, even though they have not given explicit consent.

**ALLEGATIONS, FEDERAL QUESTION AND AMOUNT IN CONTROVERSY**

15. The 138-page Complaint alleges, *inter alia*, that the Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which is codified in 18 U.S.C. § 1962.

16. Accordingly, pursuant to 28 U.S.C. § 1331, the Plaintiffs have alleged in their Complaint claims arising under the Constitution and/or laws of the United States.

17. In addition to the alleged violation of RICO, the Plaintiffs Complaint also asserts the following causes of action: 1) breach of fiduciary duty, 2) negligence, 3) breach of contract, 4) breach of the covenant of good faith and fair dealing, 5) fraudulent inducement, 6) fraudulent misrepresentation, 7) fraudulent non-disclosure, 8) unjust enrichment, and 9) conversion.

18. Each of the state law claims alleged by the Plaintiffs are based on the same disputed facts as the Plaintiffs' RICO claims.

19. A copy of all process, pleadings, and orders served on Defendants Lawrence Bank and David Clark are attached hereto as **Exhibit A**. No further proceedings have been had therein.

## CONCLUSION

20. In accordance with 28 U.S.C. § 1331, the District Court has original jurisdiction over this action because the Plaintiffs have alleged in their Complaint claims that arise under the Constitution and/or laws of the United States.

21. Removal of this action to the District Court is proper pursuant to 28 U.S.C. §1441(b) in that the district court has original jurisdiction over this action because some of the Plaintiffs' claims arise under the Constitution and/or laws of the United States, and removal is proper pursuant to § 1441(c) because the Plaintiffs' state law claims are intertwined and mixed with the Plaintiffs' federal law claims.

22. Pursuant to 28 U.S.C. § 1441(c), the entire case may be removed and the district court may determine all issues.

23. Pursuant to 28 U.S.C. § 1446, this Notice of Removal is filed within thirty (30) days after the receipt by Defendants Lawrence Bank and David Clark of the Plaintiffs' Complaint. This action is not more than one year old.

24. Pursuant to 28 U.S.C. § 1446(b), promptly after filing this Notice of Removal, Defendants Lawrence Bank and David Clark will give written notice thereof to the Plaintiffs and will file a copy of the Notice with the Third Judicial District Court, in and for Salt Lake County, State of Utah.

WHEREFORE, Defendants Lawrence Bank and David Clark, by and through counsel, give notice that the matter styled as *Sarah Arnson, et. al. v. d/b/a My Investing Place L.L.C., et. al.*, Case Number 120904885, which was pending in the Third Judicial District Court, in and for Salt Lake County, State of Utah, is removed to the United States District Court, District of Utah.

Respectfully submitted,

/s/ Mitchell A. Stephens_____
Mark F. James
Mitchell A. Stephens
HATCH, JAMES & DODGE, P.C.

*Counsel for Defendants Lawrence Bank and David Clark*

## CERTIFICATE OF MAILING

On this the 12th day of September, 2012, I caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be mailed via First Class Mail, postage prepaid, to the following:

Patrick J. Ascione
Camille J. Jarvis
ASCIONE & ASSOCIATES, LLC
4692 North 300 West, Suite 220
Provo, Utah 84604

/s/ Mitchell A. Stephens