IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ARNSON et al., <br><br> Plaintiffs, <br><br> v. <br><br> MY INVESTING PLACE et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ALTERNATIVE SERVICE** <br><br> Case No.  2:12-cv-00865-RJS-EJF <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Evelyn J. Furse |

Before the Court is Plaintiff's Motion for Alternative Service on Defendant David Drake. (Dkt. No. 11.)  For the reasons set forth below, the Court DENIES the Motion WITHOUT PREJUDICE.

Pursuant to Federal Rule of Civil Procedure 4(e)(1), the Court may allow service of process as permitted by Utah law.  Rule 4(d)(4) of the Utah Rules of Civil Procedure provides:

> Where the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, where service upon all of the individual parties is impracticable under the circumstances, or where there exists good cause to believe that the person to be served is avoiding service of process, the party seeking service of process may file a motion supported by affidavit requesting an order allowing service by publication or by some other means. The supporting affidavit shall set forth the efforts made to identify, locate or serve the party to be served, or the circumstances which make it impracticable to serve all of the individual parties.

Under this rule, litigants may not resort to alternative means of service until they have taken reasonably diligent efforts to locate the party to be served.  *See Jackson Const. Co., Inc. v. Marrs*, 100 P.3d 1211, 1215 (Utah 2004) (discussing reasonable diligence requirements and affording a party the opportunity to present objections after reasonably calculated notice).  The

reasonable diligence standard does not require a plaintiff to "exhaust all possibilities" to locate and serve a defendant, *Downey State Bank v. Major–Blakeney Corp.,* 545 P.2d 507, 509 (Utah 1976), *overruled in part on other grounds by Mgmt. Servs. v. Dev. Assocs.,* 617 P.2d 406 (Utah 1980), but requires more than perfunctory performance.  "[W]hen notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."  *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950).

In reviewing the motion, the Court finds that the Plaintiff fails to show that it has expended reasonably diligent efforts to locate the party.  Plaintiff mentions the "difficult nature" of personally serving Mr. Drake at one address, and the submitted affidavit indicates multiple attempts of service at the same address.  However, that address is a business address that at least one neighbor indicated the Defendant was "in and out a lot."  No additional efforts to determine other possible locations for the Defendant appear in the Motion and supporting documents.  The information in front of the Court currently does not justify service by alternative means.  Therefore, the Court DENIES WITHOUT PREJUDICE Plaintiff's Motion for Alternative Service.  The Court will entertain a renewed motion for alternative service if the Plaintiff wishes to provide additional information regarding efforts expended to locate the Defendant.

SO ORDERED this 12th day of October, 2012.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge